# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NATALIE D. SIMMS, | § § § | |
| *Plaintiff,* | § § | SA-18-CV-00211-DAE |
| vs. | § § § | |
| CITY OF SAN ANTONIO, TEXAS, MARA LYNN WILSON, | § § § § | |
| *Defendants.* | § § § § | |

# ORDER

Before the Court in the above-styled cause of action are Defendants Mara Lynn Wilson and City of San Antonio's Opposed Motion for Mental Health Examination of Plaintiff [#29]; Defendants' Opposed Motion to Extend Scheduling Order Deadlines [#33]; and the parties' Joint Motion to Extend Deadlines for Responses to Dispositive Motions and Non-Dispositive Motions [#43]. The motions were referred to the undersigned for disposition pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. In reviewing the motions, the Court has also considered Plaintiff's Response to Defendants Mara Lynn Wilson and City of San Antonio's Opposed Motion for Mental Health Examination of Plaintiff [#34] and Plaintiff's Response to Defendants' Opposed Motion to Extend Scheduling Order Deadlines [#44].

The Court held a hearing on Defendants' Motion for a Mental Health Examination on October 19, 2018, at which all parties were present as represented by counsel. At the hearing, the Court also discussed with the parties Defendants' Motion to Extend Scheduling Order Deadlines and the parties' intent to file a motion for permission to establish response and reply

deadlines for this case that are seven days longer than those imposed by the Court's Local Rules. *See* Local Rule CV-7. The parties subsequently jointly filed such a motion [#43]. After considering the motions and responses, the governing law, the record in this case, and the arguments of counsel at the hearing, the Court will grant Defendants' Motion for a Mental Health Examination [#29]; deny Defendants' Motion to Extend Scheduling Order Deadlines [#33]; and grant the parties' Joint Motion to Extend Deadlines for Responses to Dispositive and Non-Dispositive Motions [#43].

### I. Defendants' Motion for a Mental Health Examination

Plaintiff filed this action against the City of San Antonio and Officer Mara Lynn Wilson on March 2, 2018, alleging that Defendants subjected her to a warrantless vaginal cavity search on a public street in San Antonio, Texas on August 8, 2016. (Compl. [#1].) Plaintiff claims that the search violated her Fourth Amendment rights and alleges causes of action against Defendants pursuant to 42 U.S.C. § 1983 based on Officer Wilson's conduct in conducting the search and the City of San Antonio's municipal liability as the entity enacting the customs, practices, and policies underlying the search. (*Id.* at ¶¶ 50–53.) Plaintiff seeks actual damages against Defendants to compensate her for mental anguish and emotional distress she has and will continue to suffer as a result of the search. (*Id.* at ¶¶ 52, 57.)

By their motion for a mental examination of Plaintiff, Defendants ask the Court to order Plaintiff to submit to a mental examination pursuant to Rule 35 of the Federal Rules of Civil Procedure. Rule 35 grants the Court authority to order any party whose mental or physical condition is "in controversy" to submit to a physical or mental examination by a suitably licensed or certified examiner. Fed. R. Civ. P 35(a)(1). The order must be made only on motion "for good cause" and must specify "the time, place, manner, conditions, and scope of the

examination, as well as the persons who will perform it." *Id.* at 35(a)(2). Accordingly, under Rule 35, three requirements are necessary to enable a court to order a Rule 35 exam: (1) the party's physical or mental condition must be in controversy; (2) the expert must be either a physician or a psychologist; and (3) good cause must be shown. *Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208 (5th Cir. 1990).

Defendants argue that Plaintiff has placed her mental condition "in controversy" by pleading past and future mental-anguish damages and designating psychologist Arthur Joyce, PhD as one of her testifying experts. Defendants attach to their motion a copy of Dr. Joyce's expert report, which contains various opinions on Plaintiff's psychological condition and its connection to the challenged search. (Joyce Report [#29-1].) Defendants believe there is good cause to have their own mental health experts examine Plaintiff in order to preserve the parties' equal footing and provide Defendants' experts an opportunity to rebut Joyce's conclusions and render their own final opinions regarding Plaintiff's mental condition. Defendants identify designated experts Charles Ticknor, a board certified clinical neuropsychiatrist, and Douglas Cooper, a board certified neurophyschologist, as the two doctors who would conduct the examination. Defendants propose a two-hour joint interview of Plaintiff, followed by three hours of standardized testing administered by Dr. Cooper or a qualified person under his direction, to take place at Dr. Cooper's office in San Antonio.

The Court agrees with Defendants that Plaintiff's mental condition is in controversy. The alleged psychological and mental trauma Plaintiff suffered as a result of the search is at the heart of her Complaint against Defendants, and Plaintiff has designated an expert to express his opinion on Plaintiff's mental condition and its connection to the challenged search by Officer Wilson. The Supreme Court and the Fifth Circuit have recognized that a plaintiff places her

mental condition in controversy when she pleads a mental injury or mental-distress damages. *See Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964) ("A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury."); *cf. Acosta*, 913 F.2d at 209 (finding a plaintiff's mental condition not in controversy where plaintiff did not seek or allege suffering emotional or mental damages).

Additionally, courts have found good cause for a Rule 35 examination where a plaintiff intends to prove her claim for mental health damages through the testimony of her own expert witness. *See Shadix-Marasco v. Austin Reg'l Clinic P.A.*, No. A-09-CA-891 LY, 2011 WL 2011483, at *3 (W.D. Tex. May 20, 2011) ("When a claimant has retained her own experts and intends to prove her claim at trial through their testimony, and when her mental injuries will be an important component of her damages, good cause exists to permit defendant to select its own expert in that field to examine her."); *see also McCormick v. Payne*, No. 4:15-CV-809, 2016 WL 3124624, at *1–2 (E.D. Tex. June 3, 2016); *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 423 (S.D. Tex. 2012) (concluding same). Plaintiff's designation of Dr. Joyce to opine on her mental condition and the injuries she suffered from the vaginal-cavity search by Dr. Wilson provides the Court with good cause to order a Rule 35 examination by Defendants' retained experts.

Plaintiff argues that Defendants have failed to satisfy their evidentiary burden to demonstrate good cause because they did not attach any affidavits or other evidence in support of their motion. The Supreme Court has clarified that an evidentiary hearing is not required in all cases in which a party seeks a Rule 35 examination, and the moving party may make the required

4

good-cause showing through affidavits "or other usual methods" short of a hearing. *Schlagenhauf*, 379 U.S. at 119. Although Defendants could have proffered the affidavits of their designated experts in support of their motion, the failure to do so does not nullify the good cause otherwise established by Dr. Joyce's expert report. The expert report and the conclusions it contains are themselves sufficient evidence to satisfy Defendants' burden to demonstrate good cause. *See id.*; *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 395 (S.D. Tex. 2013).

Finally, the Court finds that Dr. Ticknor and Dr. Cooper are both board certified clinical physicians or psychologists (*see* Ticknor C.V. [#29-1] at 33; Cooper C.V. [#29-1] at 61), and are therefore qualified to conduct the requested examination. *See Acosta*, 913 F.2d at 208. The requested two hour joint interview and three hours of standardized testing is reasonable under the circumstances to address the issues raised in Dr. Joyce's report and Plaintiff's Complaint pertaining to Plaintiff's mental condition.

## II. Defendants' Motion to Extend Scheduling Order Deadlines

Defendants ask the Court to extend the current October 29, 2018 discovery deadline and November 30, 2018 dispositive-motions deadline by 90 days in order to allow adequate time for the Rule 35 examination and for Defendants' experts to prepare supplemental expert reports based on the evaluation. Defendants also assert that they need to take the additional deposition of Plaintiff's law enforcement rebuttal expert Dr. Scott DeFoe. The Court will deny the motion.

A scheduling order may only be modified for "good cause." Fed. R. Civ. P. 16(b). The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Defendants have failed to do so.

The ordering of a Rule 35 examination does not require the extension of all discovery in this case. The Court will allow Defendants to conduct their Rule 35 examination and both parties to supplement their expert reports in light of the examination outside of the October 29, 2018 discovery deadline. As Plaintiff points out, the examination and these experts' testimony relate to damages, not liability, so allowing this discovery outside of the discovery period and even after the dispositive motions deadline will not affect a party's ability to move for summary judgment on any liability issue. No other extensions are necessary.

Additionally, Defendants have not demonstrated that they have diligently pursued the deposition of Dr. DeFoe such that there is good cause for the extension. Plaintiff asserts that Defendants never contacted Plaintiff's counsel, orally or in writing, to take this deposition, despite receiving Dr. DeFoe's designation and expert report on October 1, 2018. Defendants should have timely noticed this deposition and conferred with Plaintiff on its necessity and the extensions requested in this motion prior to the motion's filing. Defendants have not demonstrated that they meaningfully conferred with Plaintiff regarding Dr. DeFoe's deposition or this motion prior to filing as required by this Court's Local Rules. *See* Loc. R. CV-7(i) (empowering this Court to deny a nondispositive motion for failure to confer in a good-faith attempt to resolve the matter and certifying specific reason that no agreement could be made).

### III.  Joint Motion to Extend Response Time for All Motions

By their joint motion, the parties ask the Court to extend the deadline to file a response to a dispositive motion from 14 to 21 days and a nondispositive motion from 7 to 14 days. As discussed at the Court's October 19 hearing, the Court will grant the motion.

Thus, in accordance with the foregoing:

**IT IS THEREFORE ORDERED** that Defendants Mara Lynn Wilson and City of San Antonio's Opposed Motion for Mental Health Examination of Plaintiff [#29] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall undergo a mental examination by Dr. Christopher Ticknor, a board certified clinical neuropsychiatrist, and Dr. Douglas Cooper, a board certified clinical neuropsychologist, which will consist of a joint clinical interview lasting approximately two hours and approximately three hours of standardized testing administered by Dr. Cooper, or a qualified person under his direction. The interview and testing shall take place at Dr. Cooper's offices located at 16014 Via Shavano in San Antonio at a reasonable and convenient time in accordance with Plaintiff's and Dr. Ticknor's and Dr. Cooper's schedules, not later than **November 20, 2018**.

**IT IS FURTHER ORDERED** that Dr. Ticknor and Dr. Cooper supplement their expert reports within **fourteen days of the examination** and that Plaintiff's experts may supplement their reports within **fourteen days of receiving any supplemental report from Defendant's experts**.

**IT IS FURTHER ORDERED** that Defendants' Opposed Motion to Extend Scheduling Order Deadlines [#33] is **DENIED**.

**IT IS FURTHER ORDERED** that the parties' Joint Motion to Extend Deadlines for Responses to Dispositive Motions and Non-Dispositive Motions [#43] is **GRANTED**.

**IT IS FINALLY ORDERED** that the deadline to file a response to a dispositive motion is extended to **21 days** and the deadline to file a response to a nondispositive motion is extended

to **14 days**.

SIGNED this 25th day of October, 2018.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE